CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. vs. ANGELA DANIELLE SCHULDT                                     DKT. NO. 1:19CR00203-PAB-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Damillah J. Williams, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Angela Danielle Schuldt, who was placed on supervision by the Honorable James A. Soto, sitting in the United States District Court in Tucson, Arizona, on March 21, 2018.  The defendant was sentenced to eighteen months imprisonment and three years supervised release for an offense of Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  Supervision commenced on March 18, 2019, and is set to expire on March 17, 2022.  Jurisdiction of the case was transferred from the District of Arizona to the District of Colorado on April 29, 2019.  As noted in the judgment [Document 1], the Court ordered mandatory, special and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE**

On or about February 6, 2020, the defendant moved from her residence at 823 East 25th Avenue, Denver, Colorado, and failed to notify the probation officer of this change within 72 hours or 10 days prior to move, which constitutes a Grade C violation of supervised release.

On January 8, 2020, the Probation Officer attempted a home contact at the defendant's residence of record; however, she was not home.  The defendant was later communicated with and reported she was visiting over night with a friend and would be able to meet the Probation Officer later that morning.  She was thereafter contacted at her residence and a home inspection was conducted.  There were very few personal items in the home that belonged to the defendant to irrefutably conclude she was residing at the resident of record.

On February 6, 2020, the Probation Officer attempted to contact the defendant at her residence of record located at 823 East 25th Avenue, Denver, Colorado.  The Probation Officer spoke with Linda Connors, with whom the defendant had been residing.  Ms. Connors indicated the defendant had not lived at the residence for an undetermined

time period and no longer wanted to lie. Furthermore, she stated that the defendant "never really lived there."

The defendant has failed to respond to the Probation Officer's voicemails, which have instructed her to contact the Probation Officer immediately. Additionally, the Probation Officer left a voicemail message for the defendant's roommate John Connors on February 6, 2020, requesting a return call regarding the defendant. As of this writing, the defendant has no permanent residence and it is unclear where she has been residing. The defendant is homeless and has been relying on friends when able for shelter.

2. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN EMPLOYMENT**

On or about February 6, 2020, the defendant terminated employment at Taco Bell located at 634 16th Street, Denver, Colorado, and failed to notify the probation officer of this change within 72 hours or 10 days prior to change, which constitutes a Grade C violation of supervised release.

On February 6, 2020, the Probation Officer spoke to an employee with Taco Bell who notified the defendant was not on any scheduled shifts for the week and not believed to work for the restaurant any longer.

On February 18, 2020, the Probation Officer spoke with the Taco Bell shift supervisor, Christy (LNU), who disclosed the defendant no longer worked for Taco Bell and has not been an employee with the company "for a long time."

3. **FAILURE TO WORK REGULARLY**

Defendant has failed to work regularly at a lawful occupation since on or about February 6, 2020, without having been excused from work by the probation officer, which constitutes a Grade C violation of supervised release.

Since the defendant's commencement of supervised release, she secured one job with Taco Bell. She was terminated from this employer due to failing to show for work as scheduled. During meetings with the defendant, I have provided her with employment resources. Additionally, the defendant was notified she could return to Taco Bell and resume her position as supervisor, but failed to follow through with their offer.

4. **FAILURE TO PARTICIPATE IN (SUBSTANCE ABUSE OR MENTAL HEALTH) TREATMENT AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to keep counseling appointments at Independence House North, the testing and treatment program in which the probation officer directed her to participate, on January 30, February 7, February 13, February 20, March 12, March 26, March 30, April 2 and April 9, 2020. This constitutes a Grade C violation of supervised release.

On March 19, 2019, pursuant to the defendant's conditions of supervised release, she was referred to Independence House North, a contracted treatment provider of the Probation Office, for a dual diagnosis assessment.

On April 24, 2019, based on the recommendation of the clinician following the defendant's assessment, she was referred for weekly co-occurring individual treatment sessions, as well as a psychiatric medication evaluation.

The defendant failed to attend her scheduled mental health individual sessions at Independence House on January 30, 2020; February 7, 2020; February 13, 2020; February 20, 2020; March 12, 2020; March 26, 2020; April 2, 2020; and April 9, 2020 as directed.

The defendant failed to appear for a scheduled psychiatric medication evaluation on March 30, 2020.

The Probation Officer has been unable to contact the defendant to address the missed counseling appointments due to her whereabouts being sparingly known.

5. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House North, the testing and treatment program in which the probation officer directed her to participate, on February 4 and February 10, 2020.  This constitutes a Grade C violation of supervised release.

On March 19, 2019, pursuant to the defendant's conditions of supervised release, she was referred to Independence House North for drug testing services and directed to comply with the rules and regulations of the program.

The defendant failed to submit drugs screens as directed with Independence House North on February 4, 2020 and February 10, 2020.

In response to each of the above noted dates on which the defendant failed to provide urine samples at Independence House North, I received email correspondence from the vendor, advising of the missed appointments.  The no-show notifications were sent to me on the following dates: February 5, 2020 and February 11, 2020, respectively.

The Probation Officer has been unable to contact the defendant to address these missed urine tests.

Additionally, the defendant provided drug screens that returned negative but marked as diluted on April 16, 2019; June 19, 2019; and December 5, 2019.

The Probation Officer verbally admonished the defendant for the diluted urine specimens.

### 6. **POSSESSION AND USE OF A CONTROLLED SUBSTANCE**

On or about February 24, 2020, the defendant used or administered controlled substances, amphetamines and cannabinoids, which had not been prescribed for her by a physician. This constitutes a Grade B violation of supervised release. Use of a controlled substance equates to possession and pursuant to C.R.S. 18-18-403.5, possession of amphetamines carries a penalty of over 12 months imprisonment.[1]

On February 24, 2020, the defendant submitted a drug screen at the Probation Office that returned positive for amphetamines and cannabinoids. I received notification of the positive drug screen result on February 28, 2020.

On February 24, 2020, during an office appointment with the defendant, she admitted to using marijuana. The defendant was verbally admonished, instructed to discontinue the use of marijuana, and encouraged to address her decision to use marijuana in treatment. In addition, the defendant's reporting contact was increased.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant. Further, the defendant has absconded from supervision and her current whereabouts are unknown; thus, a voluntary court appearance by summons is impractical.

The defendant has been homeless since January and her whereabouts have been sparingly known. The Probation Officer attempted various contact requirements to keep her engaged in supervision given her homeless status and the defendant failed to maintain adequate communication with the Probation Officer. On May 5, 2020, the Probation Officer received notification that the defendant was contacted by the Huerfano County Sheriff's Department in Walsenburg, Colorado. On the night of May 4, 2020, the defendant was contacted due to several reports of her kneeling on the side of the highway. Officer's responded and she was cleared and released, but she was informing the officer's she was attempting to hitch hike to Albuquerque, New Mexico. On the evening of May 5, 2020, the defendant was again contacted by Huerfano County Sheriff's Department due to several reports of the defendant exposing herself in a field

---

[1] According to §7B1.1(a)(2), a Grade B Violation is based on conduct constituting any other offense punishable by imprisonment of more than a year. In U.S. v Rockwell, 984 F.2d 1112 (10th Cir. 1993) cert. denied, 113 S. Ct. 2945, the Court equated drug use with drug possession. In U.S. v. Draper, 2019 WL 1552732 (10th Cir. April 10, 2019), the Court applied penalties under state law in finding Grade B violations for possession and use. In U.S. v Robles, 447 Fed. Appx. 892 (10th Cir. 2012), the Court found that drug use equates to drug possession and is a Grade B violation under USSG §7B1.1.

Case 1:19-cr-00203-PAB   Document 2   Filed 05/06/20   USDC Colorado   Page 5 of 5

Angela Danielle Schuldt  
1:19CR00203-1

Petition for Warrant on Person Under Supervision  
Page 5

May 6, 2020

off the Interstate.  It was later determined the defendant was changing her clothes, which resulted in her exposing herself.  The Probation Officer was able to speak with the defendant and she informed she was going to Arizona to dig up treasures and come back to Colorado thereafter.  There are significant concerns of the defendant's mental stability coupled with significant substance abuse

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violation(s) of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/ Damillah Williams*
  Damillah Williams
  Place:   Denver
  Date:    May 6, 2020

*s/ Garret Pfalmer*
  Garret C. Pfalmer
  Supervising United States Probation Officer
  Place:   Denver
  Date:    May 6, 2020

**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is two years imprisonment, pursuant to 18 U.S.C. § 3583(e).  Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade B violation.  The defendant's criminal history is a Category IV, thus the advisory guideline range for revocation is 12 to 18 months.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  The defendant is viewed as presenting a risk of flight.  In addition, she presents a risk of non-appearance based upon her willful choice to abscond from supervision.  Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.