CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. VS. ANGELA DANIELLE SCHULDT            DKT. NO. 1:19CR00203-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Josh Roth, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Angela Danielle Schuldt, who was placed on supervision by the Honorable Philip A. Brimmer, sitting in the United States District Court in Denver, Colorado, on November 20, 2020. The defendant was sentenced to time served and three years' supervised release for violation of supervised release related to her original conviction for the offense of Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). This is the defendant's second term of supervised release as there has been one prior revocation (See Documents 1-1 and 27, Judgment in a Criminal Case and Judgment for Revocation of Supervised Release). Supervision commenced on November 20, 2020, and is set to expire on November 19, 2023. As noted in the Judgment [Document 27], the Court ordered mandatory, special, and standard conditions of supervision. The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **FAILURE TO REPORT ARREST/QUESTIONING BY LAW ENFORCEMENT OFFICER WITHIN 72 HOURS**

On or about April 1, 2021, the defendant was contacted by police officers with the City of Manitou Springs, Colorado, and failed to report the contact to the probation officer within 72 hours, which constitutes a Grade C violation of supervised release.

On April 1, 2021, the defendant was cited for Fictitious Plates, in violation of Colorado Revised Statute (CRS) § 42-3-121(1)(b) (Class 2 Misdemeanor Traffic Offense); Driving Under Suspension, in violation of CRS § 42-2-138(1)(a) (Misdemeanor Offense); and Uninsured, in violation of CRS § 42-4-1409 (Class 1 Misdemeanor Traffic Offense) in El Paso County, Colorado (City of Manitou Springs) Summons No. C05311. She has been summoned to appear in court on July 1, 2021, to address these charges. The defendant did not report this law enforcement contact to the probation officer until April 7, 2021.

Following this police contact, the defendant informed the police took her vehicle and left her to walk home. At some point, she reported she was unknowingly drugged, blacked out, and assaulted. She said she woke up under a bridge with severe cuts on her body.

She reported she returned to her sober living home on Sunday, April 4, 2021. The defendant's sober living home manager, Jamie Cook, confirmed the defendant returned on April 4, 2021, and was observed to have several cuts and bruises on her body.

2. **ASSOCIATION WITH A PERSON CONVICTED OF A FELONY**

On or about January 29, 2021, April 1, 2021, and April 12, 2021, the defendant associated with Bruce Jones (a/k/a "Woods"), a person who had been convicted of a felony, which constitutes a Grade C violation of supervised release.

On January 29, 2021, the defendant reported she was riding in a car with a "friend" whom she identified as Bruce Jones and advised, while he was driving, he was pulled over by police and cited for expired plates. The defendant reported Mr. Jones was on state parole at the time of this contact and disclosed he had served 19 years imprisonment after killing his uncle for molesting his then six-year-old sister. Also, on January 29, 2021, the defendant requested permission from her supervising probation officer to associate with Mr. Jones; however, this was request was denied.

On April 7, 2021, when the defendant reported her contact with police on April 1, 2021, the defendant informed she had just purchased the vehicle, which she was driving, from Bruce Jones prior to the police contact. Additionally, she indicated she was aware she was not granted permission to have contact with him. According to Ms. Cook, the defendant's sober living home manager, the defendant reported to her she was with her "boyfriend," Bruce Jones, at the time of the police contact on April 1, 2021.

On April 12, 2021, the defendant was last seen by Ms. Cook leaving the sober living home and walking down the street to meet with Bruce Jones.

According to Bruce Jones' assigned Colorado State Parole Officer, he is currently under parole supervision following felony convictions for Escape and Forgery. On April 3, 2021, he left his sober living home to be with his "girlfriend," Angela Schuldt, and on April 9, 2021, a warrant was issued for his arrest. To date, his whereabouts remain unknown.

3. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE**

On or about April 12, 2021, the defendant moved from her residence at Second Chance Sober Living Home, 1340 North Arcadia Street, Colorado Springs, Colorado, and failed to notify the probation officer of this change within 72 hours or 10 days prior to move, which constitutes a Grade C violation of supervised release.

During the evening of April 12, 2021, the defendant was observed leaving her sober living residence (Second Chance Sober Living Home – 1340 North Arcadia Street, Colorado Springs, Colorado). According to Ms. Cook (sober living house manager), the defendant has not since returned and her whereabouts remain unknown. At no time did the defendant report to the probation officer she was moving from her sober living home

and no communications have been received from the defendant since prior to April 12, 2021.

### 4. **FAILURE TO PARTICIPATE IN TREATMENT (SUBSTANCE ABUSE OR MENTAL HEALTH) AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to attend treatment appointments with Independence House, the testing and treatment program in which the probation officer directed her to participate, on April 3, 2021, April 15, 2021, and April 22, 2021.  This constitutes a Grade C violation of supervised release.

On November 24, 2020, the defendant was enrolled in weekly individual dual diagnosis treatment sessions and monthly medication monitoring sessions with Independence House.  These services were provided to the defendant virtually (telephonically) due to COVID-19 protocols.

On April 3, 2021, the defendant failed to attend her medication monitoring session; and on April 15, 2021, and April 22, 2021, the defendant failed to attend her dual diagnosis treatment sessions with Independence House.  The Probation Office was notified via email of each instance in which she failed to attend.  The Probation Officer has been unable to address these missed treatment sessions as attempts to establish contact with the defendant have remained unsuccessful and her whereabouts remain unknown.

### 5. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN EMPLOYMENT**

On or about April 3, 2021, the defendant terminated employment at Western Omelette, and failed to notify the probation officer of this change within 72 hours or 10 days prior to change, which constitutes a Grade C violation of supervised release.

According to Bill Borders, owner of Western Omelette, the defendant last worked for his restaurant on Saturday, April 3, 2021.  The defendant has not returned to work, resulting in her termination.  The defendant has not notified the probation office of any change in employment as she absconded from supervision and her whereabouts remain unknown.

### STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant.  Further, the defendant has absconded from supervision and her current whereabouts are unknown; thus, a voluntary court appearance by summons is impractical.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/ Josh Roth*
  Josh Roth
  United States Probation Officer
  Place:  Denver
  Date:   April 28, 2021

*s/ Garret Pfalmer*
  Garret C. Pfalmer
  Supervising United States Probation Officer
  Place:  Denver
  Date:   April 28, 2021

## PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is two years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation.  The defendant's criminal history is a Category IV, thus the advisory guideline range for revocation is six to 12 months.

## STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings.  The defendant is viewed as presenting a risk of flight and danger to the community.  The defendant has once again absconded from supervision and information obtained in investigating her conduct prior to the violation has revealed she was actively associating with another known felon.  Her whereabouts are currently unknown as she has failed to make herself available for supervision.  Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.