CO-PROB12C
(Revised 5/14-D/CO)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

U.S.A. VS. ANGELA DANIELLE SCHULDT                                                  DKT. NO. 1:19CR00203-1

## PETITION FOR WARRANT ON PERSON UNDER SUPERVISION

COMES NOW, Heather Becker, United States Probation Officer, presenting an official report upon the conduct and attitude of defendant Angela Danielle Schuldt, who was placed on supervision by the Honorable Philip A. Brimmer, sitting in the United States District Court in Denver, Colorado, on July 8, 2021.  The defendant was sentenced to four months imprisonment and 30 months supervised release for violation of supervised release related to her original conviction for the offense of Felon in Possession of Ammunition in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).  This is the defendant's third term of supervised release as there have been two prior revocations (See Documents 1-1, 27, and 43, Judgment in a Criminal Case and Judgments for Revocation of Supervised Release).  Supervision commenced on November 20, 2020, and is set to expire on September 19, 2023.  As noted in the Judgment [Document 43], the Court ordered mandatory, special, and standard conditions of supervision.  The probation officer alleges the defendant has violated the following terms and conditions of supervised release as set forth herein.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF THE COURT DUE TO CAUSE AS FOLLOWS:**

**VIOLATION(S) ALLEGED:**

1. **FAILURE TO NOTIFY PROBATION OFFICER OF CHANGE IN RESIDENCE**

On or about May 28, 2022, the defendant moved from her residence at I-M Recovery Sober Living Home, 44 South Grove Street, in Denver, Colorado, and failed to notify the probation officer of this change within 72 hours or 10 days prior to move, which constitutes a Grade C violation of supervised release.

On June 13, 2022, after contact attempts with the defendant had failed, a call was placed to the defendant's sober living home house manager, Marie.  Marie indicated she had last heard from the defendant on May 30, 2022, when she received a text from her, indicating she had "messed up" and did not want to return to the sober living home as a result.  While on the phone with Marie, the defendant's UA results from the facility were reviewed, and it was noted she had tested positive for methamphetamines on May 28, 2022.  Additionally, it was noted she had a prior UA where her medications were not present, leaving the facility to believe she was both off of her prescribed psychotropic medications, and had relapsed.  Marie also indicated the defendant had never returned for her belongings, and they had made several additional attempts to reach her with no response.  The defendant has not since returned and her whereabouts remain unknown.

Case 1:19-cr-00203-PAB   Document 44   Filed 06/14/22   USDC Colorado   Page 2 of 4

Angela Danielle Schuldt  
1:19CR00203-1

Petition for Warrant on Person Under Supervision  
Page 2

June 13, 2022

2. **FAILURE TO PARTICIPATE IN TREATMENT (SUBSTANCE ABUSE OR MENTAL HEALTH) AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to attend treatment appointments with Independence House, the testing and treatment program in which the probation officer directed her to participate, on June 5, June 11, and June 12, 2022.  This constitutes a Grade C violation of supervised release.

On January 10, 2022, the defendant was enrolled in weekly individual dual diagnosis treatment sessions and monthly medication monitoring sessions with Independence House.

On June 5, and June 12, 2022, the defendant failed to attend her dual diagnosis treatment sessions.  On June 11, 2022, the defendant failed to attend her medication monitoring session.  The Probation Office was notified via email of each instance in which she failed to attend.  The Probation Officer has been unable to address these failures to attend treatment as attempts to establish contact with the defendant have remained unsuccessful and her whereabouts remain unknown.

3. **FAILURE TO PARTICIPATE IN SUBSTANCE ABUSE TESTING AS DIRECTED BY THE PROBATION OFFICER**

The defendant failed to provide urine samples at Independence House North, the testing and treatment program in which the probation officer directed her to participate, on March 4, 2022.  This constitutes a Grade C violation of supervised release.

On February 25, 2022, after release from the Residential Re-entry Center (RRC), and pursuant to the conditions of supervised release, the defendant was referred to Independence House North for drug testing services and directed to comply with the rules and regulations of the program.  On March 4, 2022, the defendant failed to submit to random testing as required.  The Probation Office received email correspondence from the testing vendor, advising of the defendant's failure to submit to the aforementioned drug test.  According to records for the urinalysis (UA) testing program, as of June 13, 2022, the defendant called the testing line a total of 83 out of a required 108 times.  It should be noted that the last date she called the UA testing line was May 29, 2022.

In response to the defendant's failure to provide a urine sample at Independence House North, I addressed this issue and the defendant reported getting out of school late and being unable to make it to the testing facility time prior to closure.  It is additionally noted, the defendant provided drug screens that returned negative but marked as diluted on February 9, 2022, March 27, 2022, and May 20, 2022.

## STATEMENT IN SUPPORT OF ACTION/JUSTIFICATION

Based on the nature of the defendant's current conviction and the alleged violations, the probation officer requests a warrant for the defendant's arrest due to the potential danger presented by the defendant. Further, the defendant has absconded from supervision and her current whereabouts are unknown; thus, a voluntary court appearance by summons is impractical.

## RESPECTFULLY REQUESTING THAT THE COURT WILL ORDER:

The issuance of a warrant due to violations of supervised release and, subsequent to the arrest of the defendant, that the Court consider revocation of supervision.

I DECLARE under penalty of perjury that the foregoing is true and correct.

*s/ Heather Becker*
  Heather Becker
  United States Probation Officer
  Place:   Denver
  Date:    June 13, 2022

*s/ Garret Pfalmer*
  Garret C. Pfalmer
  Supervising United States Probation Officer
  Place:   Denver
  Date:    June 13, 2022


**PRELIMINARY ADVISORY REVOCATION GUIDELINE CALCULATION:**

The defendant was originally convicted of a Class C felony, thus the maximum sentence allowed upon revocation is two years imprisonment, pursuant to 18 U.S.C. § 3583(e). Based upon Chapter 7 of the U.S. Sentencing Guidelines, the most serious conduct alleged as a violation of supervision is considered a Grade C violation. The defendant's criminal history is a Category IV, thus the advisory guideline range for revocation is six to 12 months.

**STATEMENT IN SUPPORT OF DETENTION AT INITIAL APPEARANCE:**

Based on the defendant's performance while on supervision, the probation officer recommends the defendant be detained pending revocation proceedings. The defendant is viewed as presenting a risk of flight and danger to the community. The defendant has once again absconded from supervision and information obtained in investigating her conduct prior to the violation has revealed she was actively using

unprescribed controlled substances.  Her whereabouts are currently unknown as she has failed to make herself available for supervision.  Pursuant to F.R.Crim.P.Rule 32.1(a)(6), the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the defendant.